| | |
|---|---|
| GUILLERMO GARCIA, | Case No.: 1:19-cv-00184-SAB (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO EITHER FILE AN AMENDED COMPLAINT OR NOTICE OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE |
| v. | |
| M. BALDWIN, et.al., | |
| Defendants. | [ECF No. 1] |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Guillermo Garcia is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 8, 2019, the instant action was removed from the Tuolumne County Superior Court.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The bulk of Plaintiff's 27-page complaint is rambling, incoherent and hard to decipher as it is not in chronological order and repeats numerous factual allegations. However, the Court will summarize the complaint as best as it can decipher and provide the applicable legal standards.

Plaintiff names M. Baldwin, M. Watson, J. Kavanaugh, D. Paugh, F. Chavez and H. Lackner as Defendants.

On August 18, 2011, Kavanaugh stopped Plaintiff on the yard and took some legal mail from him, then walked to the unit office, but failed to provide a confiscation receipt and his mail was held for five days.

On September 29, 2011, Plaintiff was removed from his voluntary G.E.D. class and was taken to the unit office and informed by Lieutenant J. Kavanaugh that pursuant to the order by the Warden, he was being removed from the general population to the administrative segregation unit. Plaintiff was placed in administrative segregation for coercing inmates into submitting complaints against staff

at Sierra Conservation Center ("SCC"). Kavanaugh also stated that a confidential informant provided information that Plaintiff coerced another inmate into signing an CDCR-22 form. On October 5, 2011, Kavanaugh concluded his investigation and did not find Plaintiff guilty of anything. However, Kavanaugh brought up the allegation that Plaintiff had a confidential enemy on the yard at SCC. Plaintiff refused to sign the CDCR-114D. On October 6, 2011, Plaintiff asked Warden Chavez if his transfer was a retaliatory act because he filed a lawsuit against him on March 15, 2011. On October 25, 2011, Plaintiff filed an inmate appeal alleging retaliatory transfer. The appeal was denied, and Plaintiff was held in a cold cell where he was labeled as a child molester.

On October 28, 2011, Appeals Coordinator M. Baldwin rejected Plaintiff's appeal log number SCC-11-00835 (C-17), knowing that he had been asking his counselor for the requested CDC-128 G's documents. Plaintiff's counselors refused to answer Plaintiff's CDCR-22 until November 21, 2011, at which time he received the documents required by Baldwin. However, Plaintiff's appeal was cancelled on December 12, 2011.

On November 28, 2011, Plaintiff was transferred to the Correctional Training Facility ("CTF").

On February 21, 2012, Plaintiff filed a challenge against Baldwin for making serious erroneous screen-outs of his appeals.

On March 27, 2012, Plaintiff was interviewed by Baldwin who asked him to stop submitting so many appeals that he was not going to win. On March 29, 2012, Baldwin cancelled Plaintiff's appeal, relating to the conditions in the administrative segregation unit.

Plaintiff contends that Defendant Baldwin made threats warning him with restrictions if he insisted on filing more grievances. Baldwin approved Lacey and Wattle's misconduct by disposing of his appeals as a matter of regular routine when the grievances were of "imminent danger." In the cancelled appeal, Plaintiff alleged that he was transported to administrative segregation mainline where inmates were yelling at him to identify himself. The officers in charge of the unit would not do anything to stop the inmates from yelling. Plaintiff identified inmates from cells, 205, 207, 106 and 105, yelling that he was a child molester.

Baldwin contacted N. Thompson and did not identify Garcia's problems. Instead, Thompson told him the CDCR-22 was inappropriately sent through the institutional mail and to request assistance with this issue through open line. However, Plaintiff was locked-up in the hole and Thompson would never stop by to talk to him.

Plaintiff reported the actions to the Internal Affairs which was directed to Defendant F.X. Chavez, who did nothing to correct Baldwin's prejudicial acts. Plaintiff continued to inform Baldwin of the risk to his safety and security while he was housed in administrative segregation because he was still being harassed by other inmates. Baldwin continued to reject Plaintiff's complaints and refused to provide an investigation or log number. On January 5, 2012, Plaintiff's appeal was cancelled without providing a log number.

On April 23, 2012, Plaintiff filed a grievance challenging the cancelled appeal. Plaintiff alleged that Baldwin violated his due process rights because he continuously returned several appeals with the same response date. Baldwin maintained his argument that Plaintiff had to exhaust his CDCR-22 first before attempting to obtain relief by way of the administrative grievance process. In his appeal, Plaintiff alleged that he suffered severe depression, anxiety and frustration for the sixty days he was held in administrative segregation, in a cold cell with no heat. Plaintiff sent requests to the maintenance department because Plaintiff suffered from respiration attacks and chest pain due to the dust cold debris pollutes.

Plaintiff was examined by a doctor on November 23, 2011, but the doctor did not find anything, and he was continued to be held in the same cell.

When Plaintiff's personal property was returned to him after being released from administrative segregation, he noticed that his typewriter accessories, worth $107.65, were missing. Plaintiff filed a grievance regarding the missing property. Watson interviewed Plaintiff and noted that because Plaintiff did not sign a property inventory, his property would not be replaced. Defendant Baldwin cancelled Plaintiff's appeal as untimely.

///
///
///

# III.

# DISCUSSION

## A. Federal Rules of Civil Procedure 8, 18, and 20

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

The function of the complaint is not to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P.

20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

As explained below, Plaintiff brings several different claims against several different prison officials that are unrelated and cannot proceed in one single action. If Plaintiff elects to amend his complaint, Plaintiff must choose which related claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### C. Inmate Grievance Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, she cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, Plaintiff fails to state a cognizable due process claim based on the handling of his inmate grievances.

### D. Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently

pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Plaintiff contends that he was deprived of access to the courts from September 29, 2011 through November 28, 2011. Plaintiff submits that he was unable to access his legal materials until October 25, 2011, when he filed to separate cases. Plaintiff was not allowed physical access to the law library, but he was allowed to read legal books in this cell for two hours a week. However, the legal guards were not providing enough legal materials for Plaintiff to proceed with his litigation.

Although Plaintiff contends that he had pending cases, he fails to demonstrate actual injury in relation to any pending case. Accordingly, Plaintiff fails to state a cognizable claim for denial of access to the courts.

### E. Confiscation of Personal Property

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 5563 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Legitimate, non-punitive governmental objectives include maintaining security, ensuring a detainee's present at trial, and managing the detention facility effectively. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2014) (citing Hallstrom v. City of Garden City, 991 F.2d 1473, 1484 (9th Cir. 1993)).

Plaintiff's claim that Defendants confiscated his property and intentionally did not return certain typewriter accessories, is a random, unauthorized deprivation of property for which the state provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533; Barnett, 31 F.3d at 816-17

7

1 (California provides an adequate post-deprivation remedy for property deprivations). Accordingly, Plaintiff has failed to state a claim for the deprivation of his property.

**F.     Cruel and Unusual Punishment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to her health or safety. Farme*r*, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos); see also Helling v. McKinney, 509 U.S. 25, 35-37 (1993) (using "demonstrably unsafe drinking water" as a hypothetical example of a potential conditions of confinement claim). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 83; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

Plaintiff contends that he was held in administrative segregation for sixty days in a cell which was cold, dirty, and subjected him to respiratory issues. Plaintiff also contends that he was labeled by other inmates as a child molester. Plaintiff's conclusory allegations fail to give rise to a claim for cruel and unusual punishment in violation of the Eighth Amendment. The mere fact that it was cold, dirty, and he respiratory issues, does not render the conditions cruel and unusual punishment. Indeed, Plaintiff fails to demonstrate how the conditions in administrative segregation differ in any way to the conditions in the general population. Accordingly, Plaintiff fails to state a cognizable claim for cruel and unusual punishment in violation of the Eighth Amendment.

### G. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

Plaintiff contends that his transfer to administrative segregation was in retaliation for a lawsuit he filed against Warden Chavez and not because of an alleged confidential enemy. Liberally construed, Plaintiff's allegations give rise to a cognizable retaliation claim against Defendant Chavez.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, the Court finds that Plaintiff has stated a cognizable claim against Defendant Warden Chavez for retaliation in violation of the First Amendment. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his claim against Defendant Chavez. The Court will then recommend to a district judge that this case only proceed on that claim for the reasons discussed above.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

An amended complaint supersedes all prior complaints. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to 25 pages in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

    a. an amended complaint, limited to 25 pages in length, or

    b. a notice of his intent to proceed upon the cognizable claim identified in this order; and,

///
///
///

3. Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order.

IT IS SO ORDERED.

Dated: **February 22, 2019**

_____
UNITED STATES MAGISTRATE JUDGE