# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. BALDWIN, et.al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00184-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS MOTION FOR PLAINTIFF TO POST SECURITY AS A VEXATIOUS LITIGANT BE DENIED<br><br>[ECF No. 13] |

Plaintiff Guillermo Garcia is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for Plaintiff to post security as a vexatious litigant, filed June 20, 2019.

**I.**

**RELEVANT BACKGROUND**

On February 8, 2019, Defendants removed this action from the Tuolumne County Superior Court.

///

On February 22, 2019, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable retaliation claim against only Defendant Chavez. The Court granted Plaintiff the opportunity to amend the complaint or notify the Court of his intent to proceed only on the claim against Defendant Chavez.

Prior to Plaintiff's response to the Court's February 22, 2019 screening order, Defendant Chavez filed the instant motion to require Plaintiff to post security as a vexatious litigant.[1] (ECF No. 13.)

On July 18, 2019, Plaintiff filed a motion for an extension of time to file an opposition to Defendant Chavez's motion. (ECF No. 14.) On July 24, 2019, the Court granted Plaintiff thirty days to file an opposition and directed that Plaintiff also file an amended complaint or notify the Court of intent to proceed on the retaliation claim against Defendant Chavez on or before August 24, 2019. (ECF No. 15.)

On August 19, 2019, Plaintiff filed another motion to extend the time to file an opposition and first amended complaint. (ECF No. 16.) On August 21, 2019, the Court granted Plaintiff thirty days to file an opposition and first amended complaint. (ECF No. 17.)

As previously stated, on June 20, 2019, Defendant Chavez filed a motion for Plaintiff to post security as a vexatious litigant. The Court deems the motion suitable for ruling without an opposition by Plaintiff.

## II.

## DISCUSSION

### A. Defendant's Motion

Defendant seek to have Plaintiff declared a vexatious litigant, and post security in the amount of $4,640.00. Local Rule 151(b) of the Eastern District of California, which provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of

---

[1] Plaintiff was granted four extensions of time to respond to the Court's February 22, 2019 screening order. (ECF Nos. 6, 8, 10, 12.)

2

> this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b) (emphasis added). Defendant argues that Plaintiff is a vexatious litigant as defined by California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1.

### B.     Vexatiousness Under Federal Law

The Court finds that Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious. Because Local Rule 151(b) is a procedural rule, the Court must look to federal substantive law, not California law, for the definition of vexatiousness and whether posting of security should be required. See, e.g., Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant."); Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016 ("… the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent…. [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."); Stringham v. Bick, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (although more than five unsuccessful lawsuit had been filed in the preceding seven years, the court could not find that the

filings were so "numerous or abusive" or "inordinate" to warrant a vexatious order).

The Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter a pre-filing order against a vexatious litigant, but a pre-filing order is "an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). A pre-filing order "can tread on a litigant's due process right of access to the courts" and it should not be entered "with undue haste" or without "a cautious review of the pertinent circumstances." Id. (citation omitted). The focus under federal law is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Id. at 1061; De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

In order to sanction a litigant pursuant to the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). "Bad faith" mean a party or counsel acted vexatiously, wantonly or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991). Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The Ninth Circuit has defined vexatious litigant as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).

Defendant argues that Plaintiff has commenced or maintained fifteen unsuccessful lawsuits in the past seven years, and he is unlikely to succeed on the merits of this case.[2] Defendant has cited the following eight cases in support of his motion:

---

[2] Defendant's request to take judicial notice ("RJN") of the eight cases is granted. (ECF No. 20-2); See Fed. R. Evid. 201; see also United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases).

1. <u>Garcia v. Chavez, et al.</u>

   Fifth Appellate District Court of Appeal No. F074434
   Appeal dismissed on March 23, 2017 (non-appealable order)
   Remittitur Issued May 23, 2017

2. <u>Garcia v. Chavez, et al.</u>

   Tuolumne County Superior Court No. CV56477
   Defendants' motion for summary judgment granted
   Judgement entered November 17, 2016

3. <u>Garcia v. Lacey, et al.</u>

   Fifth Appellate District Court of Appeal No. F073831
   Appeal dismissed on September 1, 2016 (non-appealable order/lack of jurisdiction)
   Remittitur issued November 1, 2016

4. <u>Garcia v. Chavez, et al</u>.

   Fifth Appellate District Court of Appeal No. F072551
   Appeal dismissed on December 4, 2015 (dismissed as abandoned)
   Remittitur issued February 3, 2016

5. <u>Garcia v. Mix, et al.</u>

   Eastern District of California No. 1:10-cv-02097-BAM (PC)
   Defendants' motion for summary judgment granted on March 24, 2015
   Judgment entered on March 24, 2015

6. <u>Garcia v. U.S. District Court for the Eastern District of California</u>

   Ninth Circuit Court of Appeals No. 14-73582
   Petition for writ of mandamus denied
   Order issued on January 13, 2015

7. <u>Garcia v. McCue, et al.</u>

   Ninth Circuit Court of Appeal No. 13-17636
   Plaintiff's request for voluntary dismissal granted
   Mandate issued on March 5, 2014

///

///

///

8. Garcia v. Department of Industrial Relations, et al.

   Ninth Circuit Court of Appeals No. 13-155107
   Appeal dismissed for failure to pay filing fee/prosecute
   Mandate issued on May 30, 2013

(RJN Exs. A-G.)

Defendant contends that Plaintiff is a vexatious litigant as defined by California law, and therefore this Court should require him to post security. Defendant, however, relies exclusively on California law and do not address the federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. Defendant merely cites the eight cases listed above and argue that these cases were decided adversely against him in the past seven years, which is the vexatious standard under California law. See Cal. Civ. Proc. Code § 391(b)(1) (A person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been … finally determined adversely to the person …" is a vexatious litigant.).

As previously stated, to sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although Defendant sets forth several cases filed by Plaintiff, they have not applied and argued the applicable federal law to determine that Plaintiff is a bad faith litigant under federal law, and the Court will not analyze the issue sua sponte. Indeed, of the eight cases cited by Defendant, one was voluntarily dismissed, two were rulings on a motion for summary judgment, one was dismissed as abandoned by Plaintiff, and one was dismissed for failure to pay the filing fee and prosecute the action. Defendant does not address or reference the federal standard of vexatiousness and has failed to demonstrate that Plaintiff's actions were "patently without merit" or filed with the intent to harass Defendant.[3] Molski, 500 F.3d at 1059-60. Therefore, the Court declines to find, based on the record

---

[3] Further, Defendant fails to demonstrate that Plaintiff qualifies as a vexatious litigant even under the more lenient California standard. As stated, of the eight cases cited by Defendant, one was voluntarily dismissed, one was dismissed as abandoned by Plaintiff, and one was dismissed for failure to pay the filing fee and prosecute the action. There is an insufficient basis to find that these dismissal constitute an adverse determination to Plaintiff.

before it, that Plaintiff is a vexatious litigant under federal law, and Defendant's motion to declare Plaintiff a vexatious litigant should be denied.

## III.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to require Plaintiff to post security as a vexatious litigant be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2019**

UNITED STATES MAGISTRATE JUDGE