1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUILLERMO GARCIA,                        No.  1:19-cv-00184-DAD-SAB (PC)

12              Plaintiff,

13        v.                                  ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, DENYING
14   M BALDWIN, et al.,                       DEFENDANTS' MOTION TO REQUIRE
                                              PLAINTIFF TO POST SECURITY AS A
15              Defendants.                    VEXATIOUS LITIGANT, AND DENYING
                                              PLAINTIFF'S COUNTERMOTION FOR
16                                            SANCTIONS

17                                            (Doc. Nos. 13, 21, 29)

18

19

20        Plaintiff Guillermo Garcia is a state prisoner currently proceeding *pro se* in this civil

21   rights action pursuant to 42 U.S.C. § 1983.  This action was referred to a United States Magistrate

22   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23        On September 23, 2019, the assigned magistrate judge issued findings and

24   recommendations recommending that defendants' motion to require plaintiff to post security as a

25   vexatious litigant (Doc. No. 13) be denied.  (Doc. No. 21.)  Specifically, the magistrate judge

26   found that defendants relied solely on California law to argue that plaintiff was a vexatious

27   litigant but "d[id] not address the federal substantive law requirements to show bad faith or

28   willful disobedience of a court's order by Plaintiff."  (*Id.* at 6.)  On October 14, 2019, defendants

                                            1

filed objections to the pending findings and recommendations and, on December 16, 2019, plaintiff filed his response to those objections, as well as a countermotion for sanctions in response to defendants' pending motion. (Doc. Nos. 22, 28, 29.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections as well plaintiff's response thereto, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, defendants contend that, "[a]lthough [their] motion also requested the Court [to] declare Plaintiff a vexatious litigant, and the [pending] Findings and Recommendations deny that request," plaintiff should still be required to post "monetary security." (Doc. No. 22 at 2.) Defendants argue that "[r]equesting Plaintiff be declared a vexatious litigant and requesting he be required to post security are different requests." (*Id.* at 3.) Defendants also assert that the magistrate judge "mistakenly conclude[d] that there must be a finding of 'vexatiousness' under federal law." (*Id.* at 2)

The court find defendants' first objection to be is confusing. Their motion clearly seeks an order from this court "**REQUIR[ING] PLAINTIFF TO POST SECURITY AS A VEXATIOUS LITIGANT**[.]" (Doc. No. 13-1 at 1; *see also id.* at 4 ("[T]he Court should grant Defendants' motion, declare [plaintiff] a vexatious litigant, and require him to post security before this action proceeds.").) Thus, defendants' objection—that a finding that plaintiff is a vexatious litigant is not necessary to grant their motion—contradicts the very argument advanced in their motion.

With respect to defendants' second objection that the magistrate judge erred in his analysis of the applicable law, the court finds that defendants are incorrect. Local Rule 151(b), the local rule by which defendants have brought their motion (*see* Doc. No. 13-1 at 1), states:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a

security, bond, or undertaking, although the power of the Court shall
not be limited thereby.

"While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness."[1] *Goolsby v. Gonzales*, No. 1:11-cv-00394-LJO-GSA, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted,* No. 1:11-cv-00394-LJO-GSA, 2014 WL 3529998 (E.D. Cal. July 15, 2014). "[U]nder federal law, the standard for declaring a litigant vexatious is more stringent" than the standard under California law. *Id.* The pending findings and recommendations correctly note that under federal law "the simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* at 1051 (internal quotation marks and citation omitted). "The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided." *Cranford v. Crawford*, No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *2 (E.D. Cal. Aug. 31, 2016).

Here, the magistrate judge correctly found that defendants' citing to eight actions that plaintiff previously filed is not sufficient to designate him a vexatious litigant, especially in light of the magistrate judge's finding that "of th[ose] eight cases . . ., one was voluntarily dismissed, two were rulings on a motion for summary judgment, one was dismissed as abandoned by Plaintiff, and one was dismissed for failure to pay the filing fee and prosecute the action." (Doc. No. 21 at 6.) Defendants contend that "courts in this district have not adopted a requirement of a showing of 'vexatiousness[]' . . . as a prerequisite to an order to post security." (Doc. No. 22 at 3.) Here, however, defendants specifically moved for an order requiring plaintiff to post security

---

[1] Defendants counter, arguing that in other cases judges of this court have applied the standard set by California law to the vexatiousness determination. (*See* Doc. No. 22 at 3.) The cited opinions, however, are not binding decisions, nor do they address the fact that Local Rule 151(b) incorporated Title 3A, part 2 of the California Code of Civil Procedure "as a *procedural* Rule," as opposed to a substantive one.

*as a vexatious litigant*, but have failed to establish that plaintiff is a vexatious litigant. Accordingly, defendants' motion (Doc. No. 13) will be denied.

Finally, the court will deny plaintiff's counter–motion for imposition of sanctions (Doc. No. 29) since the court finds no basis to impose sanctions on defendants. Plaintiff contends that defendants' motion "is totally and completely without merit" (*id.* at 2), but this is not so. Defendants moved for an order requiring plaintiff to post security as a vexatious litigant and although that motion will be denied, the court does not find that defendants' arguments in support thereof were meritless. Moreover, plaintiff has offered no basis upon which this court could conclude that defendants' motion was brought in bad faith or for purposes of harassing him. *See Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) ("A court has the inherent power to sanction . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful[ ] abuse [of the] judicial processes.") (internal quotation marks and citation omitted).

For the reasons set forth above,

1.  The September 23, 2019 findings and recommendations (Doc. No. 21) are adopted in full;

2.  Defendants' motion for an order requiring plaintiff to post security as a vexatious litigant (Doc. No. 13) is denied; and

3.  Plaintiff's counter–motion for sanctions (Doc. No. 29) is denied.

IT IS SO ORDERED.

Dated:   **January 24, 2020**                    _____

UNITED STATES DISTRICT JUDGE