UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BALDWIN, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00184-DAD-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT AND ORDER TO SHOW CAUSE WHY CERTAIN CLAIMS SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE APPLICABLE STATUTE OF LIMITATIONS<br><br>[ECF No. 23] |

Plaintiff Guillermo Garcia is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I**

**RELEVANT HISTORY**

On February 8, 2019, the instant action was removed from the Tuolumne County Superior Court.

On February 22, 2019, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable retaliation claim against only Defendant Chavez. The

1

Court granted Plaintiff the opportunity to amend the complaint or notify the Court of his intent to proceed only on the claim against Defendant Chavez.

Prior to Plaintiff's response to the Court's February 22, 2019 screening order, Defendant Chavez filed the instant motion to require Plaintiff to post security as a vexatious litigant.[1] (ECF No. 13.)

On June 20, 2019, Defendant Chavez filed a motion for Plaintiff to post security as a vexatious litigant.

On July 18, 2019, Plaintiff filed a motion for an extension of time to file an opposition to Defendant Chavez's motion. (ECF No. 14.) On July 24, 2019, the Court granted Plaintiff thirty days to file an opposition and directed that Plaintiff also file an amended complaint or notify the Court of intent to proceed on the retaliation claim against Defendant Chavez on or before August 24, 2019. (ECF No. 15.)

On August 19, 2019, Plaintiff filed another motion to extend the time to file an opposition and first amended complaint. (ECF No. 16.) On August 21, 2019, the Court granted Plaintiff thirty days to file an opposition and first amended complaint. (ECF No. 17.)

On September 23, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion be denied. (ECF No. 21.) Defendants filed objections on October 14, 2019. (ECF No. 22.)

On October 28, 2019, Plaintiff filed a first amended complaint. (ECF No. 23.)

On January 24, 2020, the Findings and Recommendations were adopted in full. (ECF No. 34.) Accordingly, Plaintiff's first amended complaint is before the Court for screening.

///
///
///
///

---

[1] Plaintiff was granted four extensions of time to respond to the Court's February 22, 2019 screening order. (ECF Nos. 6, 8, 10, 12.)

# II.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# III.

# COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint and first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff was housed at Sierra Conservation Center (SCC) from October 2007, and he did not file an inmate grievance until January 2010, when he filed an appeal requesting prison officials grow grass in the exercise yard because he slipped and fell scratching his knee.

On January 10, 2010, Plaintiff was not allowed to attend the law library even though he had Priority Legal Status (PLU). The institution was on lockdown due to fog conditions, but on January 10, 2010, there was no fog and officer Piciotta refused to allow Plaintiff to attend the library in retaliation for filing the grievance.

On January 28, 2010-13 days after he first his first inmate appeal, Plaintiff was moved out of his cell in retaliation.

On April 5, 2010, Plaintiff filed an inmate appeal against Defendant A. Ross for making Plaintiff stand outside his housing building for more than 2 to 3 hours until the rain caused him to get wet.

On April 12, 2010, Plaintiff filed an inmate appeal against Defendants A. Ross and B.A. Lacey because in retaliation they entered his cell and tossed his clothes, legal documents and headphones on the floor. They removed his hot pot and several items, including his typewriter without providing a cell search receipt.

On July 18, 2010, Plaintiff filed an inmate appeal against Sergeant E.S. Gamez for using cell searches and intentional loss of property as a means to punish him. There was a loss of property over $35.00 that was never returned to Plaintiff. Lieutenant Kavanaugh denied Plaintiff's appeal at the first level of review. Defendant Gamez denied confiscating items, but he was in control of Plaintiff's property after he made him take the property out of his cell.

On September 16, 2010, Plaintiff filed an inmate appeal against Defendant Lacey for harassment and threats to move Plaintiff out of the building. Lacey was attempting to have Plaintiff withdraw his first complaint against him. Defendants J. Kavanaugh, H.M. Lackner, and D. Foston denied Plaintiff's complaint at the first, second and third levels of review.

On October 23, 2010, Plaintiff filed an appeal on two false write-ups and alleged that Defendants D. Wattle and B.A. Lacey retaliated against him for filing complaints against them. Defendants maintained a "Jousting Match" campaign against Plaintiff by searching his cell and reading his legal paperwork to harass him and prevent him from helping other inmates with their legal paperwork. Defendants J. Kavanaugh, H.M. Lackner, and D. Foston approved and endorsed the

conduct of D. Wattle and Lacey by simply denying Plaintiff's request to stop discriminating against him.

On October 25, 2010, Plaintiff filed an inmate appeal against Defendants Lacey and Wattle for allegedly entering his cell based on false allegation and removed his typewriter and destroyed it. Defendants later claimed it was found broken and with contraband. Defendants H.M. Lackner and D. Foston denied Plaintiff's appeal at the second and third levels of review.

On November 18, 2010, Plaintiff filed an inmate appeal challenging the confiscation of his typewriter that Lacey removed from his cell. In the appeal, Plaintiff alleged that he was having health issues and could not write with his hand due to elbow pain on both arms. Plaintiff stated that both Defendants Wattle and Lacey knew that having the typewriter was a tool of necessity for Plaintiff to litigate his habeas corpus petition. Plaintiff attached a declaration from inmate W. Chick who attested the typewriter was working the night before it was confiscated by Defendants Wattle and Lacey. The appeal was denied by Defendants H.M. Lackner and D. Foston.

On November 23, 2010, Plaintiff filed an inmate appeal challenging a false write-up issued by Defendant Lacey for disobeying orders. Defendant Kavanaugh interviewed Plaintiff and found him guilty and punished him with 14 days confinement to his cell. At the hearing, Plaintiff requested and attached witness declarations attesting that Defendant Lacey was only using false write-ups to get back at inmates who were filing complaints against him through the inmate appeal process. Defendants H.M. Lackner, J. Kavanaugh, and D. Foston denied the appeal at the first, second, and third levels of review.

On March 15, 2011. Plaintiff filed a state tort lawsuit against Defendants F.X. Chavez, A. Ross, B.A. Lacey, J. Kavanaugh, and D. Foston.

On August 18, 2011, Defendant J. Kavanaugh approached Plaintiff and asked to see the legal mail he was carrying. Kavanaugh read the legal mail without Plaintiff's authorization and without giving an explanation why it was confiscated. Defendant Kavanaugh learned Plaintiff was helping inmate Chick with his lawsuit. After the incident, Plaintiff sent a request for an interview to Warden F.X. Chavez.

///

On September 29, 2011, Plaintiff was placed in the administrative segregation unit by orders of Defendants J. Kavanaugh and F.X. Chavez for allegedly coercing other inmates to file complaints against staff. Plaintiff filed an inmate appeal challenging the retaliatory transfer based on false allegations of enemy concerns in the yard where he lived for four years. Plaintiff's appeal was denied.

On October 23, 2011, Plaintiff filed an inmate appeal alleging that he was being harassed by general population or mainline inmates while he was housed in the administrative segregation unit. The appeal was cancelled by Defendants M. Baldwin and D. Foston. On April 23, 2012, Plaintiff filed an appeal challenging the cancellation.

On October 31, 2011, Plaintiff filed an inmate appeal alleging retaliation for the exercise of his rights under the First Amendment. The appeal was cancelled by Defendant M. Baldwin. On February 21, 2012, Plaintiff challenged the cancellation of the appeal. However, other officers answered the appeal at the second and third levels without allowing Defendants M. Baldwin or D. Foston to answer the grievance.

On October 31, 2011, Plaintiff filed again filed an action against .X. Chavez, A. Ross, B.A. Lacey, J. Kavanaugh, and D. Foston.

On November 11, 2011, while Plaintiff was in the administrative segregation unit he filed an inmate appeal for inadequate access to the law library and court. Because Plaintiff was PLU officers allowed him to read law books 2 hours a week instead of the 4 hours. Plaintiff was only allowed to make copies on Fridays and if it was a holiday he had to wait until the next Friday. There was no computer or electronic delivery system. While Plaintiff was housed in the administrative segregation unit, he was not allowed to have access to his legal material unless, he made a request to be transported to the warehouse unit.

On November 22, 2011, while in the administrative segregation unit Plaintiff filed an inmate appeal alleging that the conditions were inhumane because the heater did not work properly and the vent was blowing dirt/dust/debris which caused Plaintiff to suffer respiratory problems. Defendant M. Baldwin continued to interfere with Plaintiff's access to his administrative remedies by rejecting and making loop holes asking for work orders despite his own knowledge of the problems. Plaintiff challenged the cancellation of this appeal.

On December 26, 2011, Plaintiff filed an appeal for the loss/confiscation of property after his transfer to the administrative segregation unit. Plaintiff alleged that his property was confiscated after he was illegally taken to the hole based on false allegations. Defendant M. Baldwin continued to mislead the appeal process by denying or rejecting and cancelling the appeal for no reason. On January 10, 2012, Plaintiff filed an appeal challenging the cancellation, which was denied at the second and third levels of review.

Defendants J. Kavanugh and H.M. Leckner knew or should have known that Plaintiff was suffering in the form of harassment from Defendants A. Ross, B.A. Lacey. E.S. Gamez, and D. Wattle's discrimination and misconduct.

On April 12, 2012, Plaintiff attempted to consolidate the lawsuits.

On August 16, 2012, the Tuolumne County Superior Court declared Plaintiff a vexatious litigant.

On November 14, 2014, the Court of Appeals for the Fifth Appellate District made a mistake on the vexatious litigant issue, and the case was remanded.

On April 27, 2015, Plaintiff filed a second motion to consolidate the cases. On March 30, 2016, Plaintiff's motion to consolidate was denied.

On May 24, 2016, Plaintiff filed another lawsuit against Defendants M. Baldwin, F.X. Chavez, J. Kavanaugh, and H.M. Lackner, along with a request for judicial notice.

On July 22, 2016, the Court granted F.X. Chavez's motion for summary judgment.

Between January and April of 2017, Plaintiff suffered headaches and nose bleeding from the long stressful hours of legal research. On April 29, 2017, Plaintiff suffered an upper extremity numbness in his shoulder and arms.

On June 6, 2017, Plaintiff had brain surgery and was hospitalized for three months.

On September 26, 2017, Plaintiff filed an opening brief.

On April 30, 2019, the Court of Appeal for the Fifth Appellate District declared Plaintiff a vexatious litigant.

On August 14, 2019, the California Supreme Court denied Plaintiff's petition for review.

///

# III.

# DISCUSSION

### A. Statute of Limitations

The statute of limitations is generally an affirmative defense which is not raised by the Court sua sponte. It may, however, be grounds for sua sponte dismissal of an in forma pauperis complaint where, as here, the defense is complete and obvious from the ace of the pleading or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984), abrogated on other grounds in Neitzke v. Williams, 490 U.S. 319 (1989); Levald, Inc., v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993). Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. California's equitable tolling statute applies to both prisoners and civil detainees. Id. Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.")

///

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03. At this point, the Court is not aware of any reason why equitable tolling would apply in this case.

Here, all of Plaintiff's claims relating to retaliation and cruel and unusual punishment took place in 2010 and 2011, which are most likely barred by the statute of limitations because this action was not filed in the state court until May 25, 2016.[2] Therefore, the Court will order Plaintiff to show cause why these claims should not be dismissed for failure to comply with the applicable statute of limitations.

**B.     Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and

---

[2] The complaint was filed in the Court on June 2, 2016, but it is considered "filed" as of May 25, 2016, the date it was mailed to the Court. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

9

description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

To the extent Plaintiff contends that he was denied access to the courts, Plaintiff fails to demonstrate actual injury in relation to state court actions against Defendants, he fails to state a cognizable claim. The mere fact that Plaintiff contends he was only allowed 2 hours a week in the law library instead of 4 hours to litigate his cases does not give rise to a claim for denial of access to the court. Plaintiff has failed to demonstrate or allege that he was suffered actual injury with respect to non-frivolous action. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."). The State is not required to enable inmates to discover grievances or to litigate effectively once in court. Lewis, 518 U.S. at 354. Further, the fact that Plaintiff was declared a vexatious litigant or that his actions were dismissed is not the result of any action by Defendants. Accordingly, Plaintiff fails to state a cognizable claim for denial of access to the court.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, the Court finds that Plaintiff's retaliation and cruel and unusual punishment claims are likely barred by the statute of limitations, and Plaintiff's denial of access to the courts claim fails to state a cognizable claim. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in the access to courts claim if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his claim against Defendant Chavez. The Court will then recommend to a district judge that this case only proceed on that claim for the reasons discussed above.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

An amended complaint supersedes all prior complaints. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to 25 pages in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff is directed to show cause why his retaliation and cruel and unusual punishment claims should not be dismissed for failure to comply with the applicable statute of limitation.

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff may file an amended complaint as to the denial of access to courts claim; and

///
///
///
///
///
///
///

11

4. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to comply with the applicable statute of limitations, failure to state a cognizable claim for relief, and failure prosecute and comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**February 18, 2020**__  

_____
UNITED STATES MAGISTRATE JUDGE